# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TORRANCE LEON WILLIAMS EL,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SHEBOYGAN, SHEBOYGAN POLICE DEPARTMENT, OFFICER ANNA TAYLOR, SGT. SCOTT REINEKE, and CHRISTOPHER D. DOMAGALSKI,<br><br>　　　　　Defendants. | Case No. 18-CV-293-JPS<br><br>**ORDER** |
| TORRANCE LEON WILLIAMS EL,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SHEBOYGAN COUNTY COURTHOUSE and UNKNOWN SHEBOYGAN COUNTY COURTHOUSE REPRESENTATIVES,<br><br>　　　　　Defendants. | Case No. 18-CV-328-JPS<br><br>**ORDER** |
| TORRANCE LEON WILLIAMS EL,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>REGINA CALLOWAY and SHEBOYGAN COUNTY CHILD SUPPORT AGENCY,<br><br>　　　　　Defendants. | Case No. 18-CV-602-JPS<br><br>**ORDER** |

| | |
|---|---|
| SAMANTHA BASTIL, SHEBOYGAN COUNTY COURTHOUSE, SHEBOYGAN COUNTY IV-D AGENCY, and REGINA CALLOWAY,<br><br>Plaintiffs,<br><br>v.<br><br>TORRANCE LEON WILLIAMS EL,<br><br>Defendant. | Case No. 18-CV-603-JPS<br><br>**ORDER** |

Torrance Leon Williams El ("Williams El") filed four civil actions in this Court from February to April 2018. His filings in each of the cases border on being incomprehensible, but the Court has done its best to make sense of them. The first two were filed near in time in late February and early March 2018, and they seem to concern a traffic ticket Williams El received in Sheboygan. Case No. 18-CV-293, (Docket #1); Case No. 18-CV-328, (Docket #1). The other two cases were both filed on April 17, 2018, and they concern an adjudication of Williams El's parental rights and child support obligations in Sheboygan County Circuit Court. Case No. 18-CV-602, (Docket #1); Case No. 18-CV-603, (Docket #1).

Below, the Court addresses the first two cases together, and then the second two cases together.

1. **TRAFFIC TICKET CASES**

In both of these cases, Williams El has sought leave to proceed *in forma pauperis*. Notwithstanding the payment of any filing fee, the Court must dismiss a complaint filed *in forma pauperis* if it raises claims that are "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings

that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In the first case, Williams El sues various defendants for issuing him a citation for operating a motor vehicle without a valid license or registration. Case No. 18-CV-293, (Docket #1 at 2–3). This occurred in January 2018. He says this was wrong because he is "a sovereign man" who "did not fall under [their] jurisdiction." *Id.* His complaint incoherently discusses financing statements, the Uniform Commercial Code, and a treaty with the "Morroccon Empire." *Id.* His vehicle was impounded and the defendants would not return it to him; it appears they were unmoved by his claim that he was outside of their jurisdiction. *Id.* at 3. Williams El demands twelve million dollars and seeks recognition "as the indigenous man that I am." *Id.* at 4.

The second case appears to be an extension of the first. Williams El appeared in the Sheboygan County Courthouse on February 26, 2018. Case No. 18-CV-328, (Docket #1 at 2). He does not say why, but a review of

Wisconsin's publicly available court docket reveals that he was criminally prosecuted for the above-mentioned citation; it was his third such citation within three years. *See State of Wisconsin v. Torrance L. Williams*, Sheboygan County Circuit Court, Case No. 2018-CT-67, *available at*: https://wcca.wicourts.gov/. Williams El says that he tried to interrupt court proceedings to discuss his "estate" and being a "debtor," but was not allowed to do so. Case No. 18-CV-328, (Docket #1 at 2–3). Eventually his case was taken up, and Williams El offered similar ramblings about financing statements, his "estate," copyright violations, and the alleged lack of jurisdiction. *Id.* at 3. He was ordered to appear at a later hearing. *Id.* It is not clear what happened afterward; Williams El does not describe it well, and the public docket ends on February 26. In this case, Williams El requests five-hundred and nine million dollars, as well as being recognized as an "indigenous" person. *Id.* at 4.

Both cases are frivolous. Williams El's primary assertion in each is that the Sheboygan County executive and judicial branches of government lack jurisdiction over him because he is a "sovereign" or "indigenous" person. This theory of avoiding governmental oversight of one's life, known as the "sovereign citizen" movement, is not unique to him:

> As explained by the FBI, "Sovereign citizens view the USG [U.S. government] as bankrupt and without tangible assets; therefore, the USG is believed to use citizens to back U.S. currency. Sovereign citizens believe the USG operates solely on a credit system using American citizens as collateral. Sovereign citizens exploit this belief by filing fraudulent financial documents charging their debt to the Treasury Department." Federal Bureau of Investigation, "Sovereign Citizens: An Introduction for Law Enforcement" 3 (Nov. 2010), http://info.public intelligence.net/FBI-SovereignCitizens.pdf (visited March 6, 2013).

*El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748, 750 (7th Cir. 2013). Sovereign citizens like Williams El often file UCC financing statements for themselves as a person, believing that this grants them immunity from the jurisdiction of government authorities. *Gravatt v. United States*, 100 Fed. Cl. 279, 282–83 (Ct. Fed. Cl. 2011). Those sovereign citizens of African descent often hold an additional belief that they are descendants of the Moors of North Africa, and are part of the Moorish or Moroccan Empire (which does not exist), thus further insulating them from the United States' jurisdiction. *Bey v. State of Ind.*, 847 F.3d 559 (7th Cir. 2017).

This belief, sincerely held or not, is not a valid basis for avoiding state or federal jurisdiction. *Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011) (in addressing a sovereign citizen's civil suit filed against a county judge regarding a traffic violation, the court noted that "an individual's belief that her status as a 'sovereign citizen' puts her beyond the jurisdiction of the courts 'has no conceivable validity in American law.'" (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990)). Williams El admits that he was in Sheboygan when he was cited, thus placing himself under the jurisdiction of its police department and courts. His nonsensical references to financial documents, estates, and the Moroccan Empire cannot change that fact. Further, the other purported claims presented in each case, such as copyright violations, violations of "sovereignty," violations of constitutional rights, violations of the "rights of indigenous peoples," and violation of the "Treaty with Morocco" are all founded on these same ridiculous principles. They are similarly frivolous. Because neither case presents a non-frivolous claim for relief, both will be dismissed with prejudice.

## 2. PATERNITY CASES

The second set of cases Williams El has filed with this Court concerns a paternity dispute. The first action in this set alleges that Regina Calloway ("Calloway"), with whom Williams El apparently has a child, filed a petition to obligate Williams El to pay child support. Case No. 18-CV-602, (Docket #1). He explains that there was some confusion about a court date in that case, and it seems that a judgment for child support may have been entered by default. *Id.* There is also some indication that the circuit court did not have jurisdiction over the child support issue. *Id.* Williams El asks that his child be returned to him, that the child support petition be dismissed, and that he be paid four billion dollars in damages. *Id.* As with the first two cases described above, Williams El has asked for leave to proceed *in forma pauperis* in this case.

The last action was initiated with a document styled a "notice of removal." Case No. 18-CV-603, (Docket #1). It appears that Williams El wants to remove the child support action from Sheboygan County Circuit Court to this Court. *Id.* By reference to the earlier-filed action, the Court gleans that Samantha Bastil is an attorney for the Sheboygan County "IV-D Agency," as Williams El calls it. The "notice" is not signed by Williams El and he has for some reason redacted his address and other contact information. *Id.*

To be sure, there are a host of problems with these cases. First, these cases do not appear to invoke the Court's subject matter jurisdiction. A federal court is always required to police its own jurisdiction, regardless of the stage of the case or whether it is questioned by the parties. *Wernsing v. Thompson*, 423 F.3d 732, 742–43 (7th Cir. 2005); *Tylon v. Kloak*, 98 F. App'x 511, 512 (7th Cir. 2004). Federal courts are courts of limited jurisdiction, and may only hear cases in two primary categories: 1) those raising issues of

federal law, known as "federal question" jurisdiction, and 2) those between parties who are citizens of different states and which involve an amount in controversy exceeding $75,000.00, known as "diversity" jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332(a).

Federal question jurisdiction is not present here because family law matters such as parental rights and child support are solely matters of state law, not federal law. *Rose v. Rose*, 481 U.S. 619, 625 (1987) (quoting *In re Burrus*, 136 U.S. 586, 593–94 (1890)) ("[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."); *see also Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 13 (2004). Diversity jurisdiction also appears to be lacking. Williams El identifies himself as a citizen of Wisconsin, and it appears that the other parties are as well, though the papers filed by Williams El do not make that absolutely clear.

Even if these cases did invoke the Court's diversity jurisdiction, which is doubtful, they warrant dismissal with prejudice anyway. Like the cases described above, these cases are also clearly frivolous. In support of his assertion that there was a problem with the child support action in Sheboygan County Circuit Court, Williams El again advances his sovereign citizen arguments. Case No. 18-CV-602, (Docket #1 at 2–3). He says he is entitled to "reclaim" his "human offspring" because his "status" and his "human offspring status" were not "subject to [that court's] jurisdiction." *Id.* at 2, 3. As explained above, suits based on these allegations are frivolous. Because neither case presents a non-frivolous claim for relief, both will be dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that Case Nos. 18-CV-293, 18-CV-328, 18-CV-602 and 18-CV-603 be and the same are hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of May, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge